## BRADLEY *v.* UNITED STATES.

It is no objection to the competency of a witness for the government in the Court of Claims that his interest is adverse to that of the claimants, and that a judgment against them may have the effect of establishing his right to the money claimed.

APPEAL from the Court of Claims.

Certain sugars imported in the year 1869 and seized for the owner's alleged violation of the revenue laws, were duly libelled, condemned, and sold. In the District Court, where the proceedings were had, no party appeared praying for an informer's share of the net proceeds, or for the distribution of them. They were paid into the treasury, and by the Secretary of the Treasury in part distributed, that is to say, one-half to the United States, which was covered into the treasury, and one-fourth in equal shares to the collector, the surveyor, and the naval officer of the port. Those officers claimed also the remaining fourth. Bradley and others, each claiming as informer or seizing officer, asserted a right thereto. Bradley brought this suit therefor, April 27, 1872. On May 9 of that year the Secretary ordered that the one-fourth so undistributed

be paid in equal parts to those officers, but that each of them should first give a bond with- surety for his returning to the treasury, on demand, the money so paid to him, should the Court of Claims, or this court on appeal, decide that any other claimant was entitled to the fund. The required bond was given and the money paid.

The United States took the depositions of Dillingham, the collector of the port, and Sheldon, the surety on his bond. Bradley moved to suppress them, on the ground that the deponents were interested in the event of the suit. The court overruled the motion.

The court expressed " no final opinion on the subject " of its jurisdiction ; but, holding that on the merits the claimant had no cause of action, dismissed his petition, and he appealed.

*Mr. Charles E. Hovey* and *Mr. Alexander Porter Morse* for the appellant.

*The Solicitor - General, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

Sect. 1079 of the Revised Statutes provides that no claimant suing the United States in the Court of Claims, nor any person from or through whom such claimant derives his alleged title, claim, or right, nor any person interested in any such title, claim, or right, shall be a competent witness in supporting the same, but under sect. 1080 the United States may make a claimant a witness.

We agree with the court below that this does not prevent the United States from using as a witness to defeat the claim one whose interest is adverse to the claimant, and that, too, when a judgment in favor of the United States may have the effect of establishing the right of the witness to the same claim.

The objections urged against the competency of the witness under the provisions of sect. 858 of the Revised Statutes are disposed of by *Potter* v. *National Bank,* 102 U. S. 163.

*Judgment affirmed.*