OPINION.
Drake, Ch. J.,
delivered the opinion of the court:
' The claimant sues on a gold certificate for $5,000, issued by the Treasury of the United States, payable to the order of E. H. Birdsall, which he alleges that he bought in London, Eng *41 land, in October, 1879, with Birdsall’s indorsement thereon in Manic.
The defendants toot the deposition of Burr S. Craft, to prove that in December, 1873, he owned and had in his possession the said certificate; upon which was then indorsed Birdsall’s name, under the words “Pay to the order of Burr S. Craft”; and that the certificate, with that indorsement on it, was stolen from him.
The deponent Craft then stands in the attitude of a witness directly interested in the title to the certificate. Under section 1079 of the Revised Statutes his testimony could not be used in supporting the claimant’s action; but it is taken with a view to defeat that action; which Craft is interested in doing. For that reason the claimant moves to suppress his deposition; relying, in support of his motion, solely on the words, at the close of that section, which we italicize. The section is as follows:
Sec. 1079. No claimant, nor any person from or through, whom any such claimant derives his alleged title, claim, or right against the United States, nor any person interested in any such title, claim, or right, shall- he a competent witness in the Court of Claims in supporting the same, and no testimony given hy such claimant or person shall he used except as provided in the next section.
We consider this point settled by the Supreme Court of the United States in Bradley v. United States (104 U. S. R., 442), which went from this court, and in which we had admitted the evidence of a witness on behalf of the Government, who was interested in defeating the claimant’s action. That court said:
We agree with the court below that this [section] does not prevent the United States from using as a witness to defeat the claim one whose interest is adverse to the claimant, and that, too, when a judgment in favor of the United States may have the effect of establishing the right of the witness to the same claim.
To avoid the effect of this the claimant urges that the Supreme Court does not seem to have considered the closing words of section 1079, and that therefore this court should not regard that decision as final and conclusive.
We have no inclination to assume that that court, when called on to interpret a statutory section of eight lines, constituting a single sentence, considered only six of the lines, and gave no attention to the remaining two. Every presumption is against such an assumption, and in favor of that court’s having carefully noticed and weighed every word of the section. *42 If, in fact, it did omit to notice those two lines, and so made a decision which it would not have made if it had noticed them, it is for that court to say so, when it has opportunit5r, and not for us to assume the fact. We are bound to take its decision as rendered, and to follow it in our action. If the claimant should desire the Supreme Court to reconsider that ruling, he may do so in connection with this motion, if a-final judgment should be rendered against him, and he should appeal therefrom.
The motion to suppress the deposition of Burr S. Craft is overruled.