**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Frank CANALES, Defendant–Appellant.**

No. 91–5644.

United States Court of Appeals, Fifth Circuit.

May 7, 1992.

On Petition for Rehearing and Suggestion for Rehearing En Banc
July 8, 1992.

Nancy B. Barohn (Court Appointed), San Antonio, Tex., for defendant-appellant.

Bill Baumann, Asst. U.S. Atty., Richard L. Durbin, Jr., Ronald F. Ederer, U.S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before BROWN, GARWOOD, and EMILIO M. GARZA, Circuit Judges.

GARWOOD, Circuit Judge:

Defendant-appellant Frank Canales (Canales) was convicted, pursuant to his guilty plea, of escaping from custody. At his sentencing hearing, Canales challenged a

1982 conviction listed as a prior offense in his Presentence Report (PSR). The district court determined that it could rely on the 1982 conviction as a prior offense, overruled Canales's objection, and sentenced him to twenty-four months in prison and three years of supervised release. Canales now appeals.

### Facts and Proceedings Below

On March 6, 1974, Canales was convicted in the United States District Court for the Western District of Texas, San Antonio Division, of distribution of heroin and was sentenced to fifteen years in prison. On June 13, 1990, he was transferred to a halfway house in San Antonio to serve the remainder of his 1974 sentence. On August 30, 1990, Canales was reported to have escaped after failing to return to the halfway house. On December 6, 1990, a United States Marshal arrested Canales in San Antonio.

On February 7, 1991, Canales pleaded guilty to one count of escape from custody, in violation of 18 U.S.C. § 751(a). The PSR listed as a prior offense a 1982 Texas state court conviction for possession of cocaine, and increased Canales's criminal history score by three points because of this state conviction.[1] Canales filed a written objection to the PSR's statement that the 1982 Texas court sentence ran concurrently with the 1974 federal sentence.

At his sentencing hearing in May 1991, Canales challenged the constitutional validity of the 1982 Texas conviction on the grounds that he did not get the benefit of his plea bargain. Canales introduced a copy of the state court judgment indicating that he had been sentenced January 19, 1982 to two years' imprisonment, to run concurrently with his 1974 federal sentence and ordering that he be delivered to the custody of the United States Marshal for the Western District of Texas. The judgment further stated, "Plea bargaining arrangement accepted by the defendant, followed by the Court and Appeal is denied." He also introduced a copy of a motion filed in the state case by his attorney therein dated March 5, 1982, seeking to withdraw

the guilty plea or modify the sentence because Canales had not received the benefit of the plea bargain in that he was not allowed to serve his state and federal sentences concurrently in federal custody. Canales also introduced a copy of an amended state court judgment, dated August 11, 1982, to which the Texas court had added the following statement:

"Note: On this date, sentence above is hereby amended to delete the direction to deliver defendant to United States Marshal, Western District of Texas and to run this sentence concurrently with that of the United States District Court imposed 3/6/74 in SA 73CR283 due to written notification from the U.S. Department of Justice dated 1/22/82 that said concurrent sentences from state authorities should be disregarded as outside the proper jurisdiction of the state court."

In addition to this documentary evidence, Canales testified at the sentencing hearing that the 1982 plea bargain included an agreement that the sentences would run concurrently and that he would not have to serve any time in a Texas state prison. Canales stated that he served approximately 10 months on the state sentence in state custody before he was taken into federal custody. There was no evidence to the contrary of that presented by Canales.

After receiving this evidence, the district court concluded that it could rely on the 1982 conviction. The district court at one point during the hearing seemed to indicate that it believed it was foreclosed from considering the challenge to the 1982 conviction:

"Well, I guess my concern is that, I don't know. It might be an invalid conviction ... but if it is, this is not the proper form for it because there's nothing before this court, the conviction has not been overturned, has not been challenged in state court and this is a collateral attack on a, on a prior conviction that this court is reviewing only for the purposes of the sentencing guidelines to determine what their appropriate sentence should be. That, unless that conviction has been set

---

1. Canales was arrested for possession of cocaine while on parole for the 1974 federal heroin

conviction—the same conviction for which he was later placed in a halfway house in 1990.

aside, this court will follow that conviction or use that conviction because to this point it has not been challenged or set aside and this court is not in a position to make a ruling on that if it's, has not been properly challenged to this point."

Later in the sentencing hearing, however, the district court seemed to have considered and rejected the challenge to the 1982 conviction:

"The court is not convinced that there's sufficient evidence here for the court to ignore or disregard or overturn or not take into account the prior state conviction in the application of the Guidelines. On it's face, the court is satisfied that it's a valid conviction and the evidence presented is not enough to convince it otherwise or enough to convince the court that it should be ignored."

The district court overruled Canales's objection and sentenced him to 24 months' imprisonment, 3 years' supervised release, and a $50 mandatory assessment. Canales now appeals, challenging only his sentence.

### Discussion

Canales's primary argument on appeal is that the district court erred in relying on a constitutionally invalid prior state conviction in computing his criminal history score. Based on Canales's 1982 Texas conviction, the district court added three points to his criminal history score, thus increasing his criminal history category from III to IV and his guideline range of imprisonment from twelve to eighteen months to eighteen to twenty-four months. Canales argues that his 1982 conviction should not have contributed to his criminal history score because it rested on a guilty plea which was constitutionally invalid since the state breached the agreement on which the plea was based.

The sentencing guidelines address whether constitutionally invalid prior convictions may be considered in computing a defendant's criminal history category. To determine the criminal history score of a defendant, the sentencing guidelines direct district courts to "[a]dd 3 points for each prior sentence of imprisonment exceeding one year and one month." U.S.S.G. § 4A1.1(a). The Commentary to § 4A1.2 (application note 6) explains:

"Sentences resulting from convictions that have been reversed or vacated because of errors of law, or because of subsequently-discovered evidence exonerating the defendant, are not to be counted. Also, sentences resulting from convictions that a defendant shows to have been previously ruled constitutionally invalid are not to be counted." U.S.S.G. § 4A1.2, comment. (n.6)

The background note to that same section explicitly reserves "for court determination the issue of whether a defendant may collaterally attack at sentencing a prior conviction." *Id.,* comment. (backg'd.).

Until the Commentary was amended, effective November 1990, application note six stated that sentences should not be counted from convictions "which the defendant shows to have been constitutionally invalid." U.S.S.G. § 4A1.2, comment (n. 6) (November 1989). We have interpreted this previous version of the Commentary as allowing defendants to challenge prior convictions in their federal sentencing hearings. *See United States v. Edwards,* 911 F.2d 1031, 1035 (5th Cir.1990); *see also United States v. Mims,* 928 F.2d 310, 312 (9th Cir.1991); *United States v. Wildes,* 910 F.2d 1484, 1485 (7th Cir.1990); *United States v. Jones,* 907 F.2d 456 (4th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 683, 112 L.Ed.2d 675 (1991); *United States v. Dickens,* 879 F.2d 410, 411–12 (8th Cir. 1989). Under this body of case law, the burden of proving a conviction's constitutional invalidity rested with the person challenging the conviction.

The government argues, however, that the November 1990 amendment to application note 6 significantly narrows the scope of challenges to convictions used to calculate a defendant's criminal history category. In essence, the Government argues that a defendant can no longer attack a prior conviction for the first time in a sentencing hearing as was allowed under the earlier version of the guidelines; a defendant can only preclude the use of an earlier conviction in calculating his criminal history score if he has independently collaterally attacked that conviction and the conviction has been ruled invalid. In contrast, Ca-

nales contends that the background note makes clear that the defendant retains the right to challenge a prior conviction as constitutionally invalid at the sentencing hearing.

■ Before we address the Government's and Canales's substantive arguments, we note that an initial question exists as to whether the amended application note 6 even applies to Canales. The general rule in this Circuit is that "[t]he guideline provision in effect at the time of sentencing dictates which version of the guidelines we must apply." *United States v. Ainsworth*, 932 F.2d 358, 362 (5th Cir.) (citing 18 U.S.C. § 3553(a)(4)), *cert. denied*, — U.S. —, 112 S.Ct. 346, 116 L.Ed.2d 286 (1991). Canales was sentenced in May 1991, after the amended application note 6 became effective, but committed the offense August 3, 1990. We have stated that "an increase in sentence based on an amendment to the guidelines effective after the offense was committed 'would be an obvious ... violation' of the *ex post facto* clause in article 1 of the United States Constitution." *United States v. Suarez*, 911 F.2d 1016, 1021 (5th Cir.1990) (quoting *United States v. Woolford*, 896 F.2d 99, 102 n. 4 (5th Cir.1990)). "No *ex post facto* violation occurs, however, 'if a change does not alter "substantial personal rights," but merely changes "modes of procedure which do not affect matters of substance." ' " *Id.* at 1022 (quoting *Miller v. Florida*, 482 U.S. 423, 107 S.Ct. 2446, 2451, 96 L.Ed.2d 351 (1987)). Because we do not construe the amended application note 6 to be anything more than a procedural provision that governs how challenges to prior convictions may be brought, we hold that the amended application note applies to Canales. In so doing, we observe that both Canales and the Government have assumed that the amended version of the application note is applicable to Canales.

■ A few courts have interpreted the effect of the amended application note 6 on challenges to prior convictions. *See United States v. Jakobetz*, 955 F.2d 786 (2d Cir.1992); *United States v. Day*, 949 F.2d 973 (8th Cir.1991); *United States v. Cornog*, 945 F.2d 1504 (11th Cir.1991); *United*

*States v. Hewitt*, 942 F.2d 1270 (8th Cir. 1991); *United States v. Avery*, 773 F.Supp. 1400 (D.Or.1991).

The Second and Eleventh Circuits have adopted an interpretation that harmonizes the amended language in application note 6 with the new background note. In *Jakobetz*, the Second Circuit held:

"In short, the newly revised version of the guidelines clarifies the commission's position on defendants' direct challenges to the validity of prior convictions at sentencing: while defendants may always present the sentencing court with evidence that another court has ruled their prior convictions invalid and hence unsuitable for consideration as part of the criminal history score at sentencing, the court also retains discretion to determine whether a defendant may mount an initial challenge to the validity of such convictions." *Jakobetz*, 955 F.2d at 805.

The Eleventh Circuit, in dicta, has interpreted amended application note 6 in the same fashion. In *Cornog*, the Eleventh Circuit began by observing that the revised language of application note 6 at first "seems to indicate that the court only may exclude from its consideration convictions that already have been held invalid; thus, the court would not have discretion to determine the validity of a prior conviction in the sentencing proceeding." *Cornog*, 945 F.2d at 1511. The Eleventh Circuit, however, rejected this interpretation in light of the background note. The court harmonized the language of the background note with that of the application note: "[U]nder the guidelines, courts only must exclude convictions that had been previously held invalid from the criminal history score. The Commission, however, left courts the discretion collaterally to examine the validity of prior convictions that the defendant had not challenged previously." *Id.* The Eleventh Circuit then proceeded to list factors that a district court should consider in deciding whether to exercise its discretion to collaterally review a conviction: "[T]he court should consider the scope of the inquiry that would be needed to determine the validity of the conviction, including whether the issue is contested and whether the invalidity is apparent from the record." *Id.* at 1511 n. 16.

The Eighth Circuit and a Oregon district court have taken a seemingly different approach. In *Hewitt*, the Eighth Circuit summarily held that application note 6 authorized including a prior conviction in a defendant's criminal history score unless the defendant had made a showing that the conviction had previously been ruled constitutionally invalid. *Hewitt*, 942 F.2d at 1276; *see also Day*, 949 F.2d at 980 ("This Court has already determined that the emphasized change forbids collateral attacks on prior convictions used to compute a defendant's criminal history score under the Guidelines."). The Oregon district court, after an extensive review of cases interpreting the earlier version of application note 6, detailed the following procedure for challenging constitutionally invalid convictions at sentencing hearings:

> "Based on the foregoing, I find that I may properly rely upon facially valid prior judgments in determining whether the requisite convictions have been established for the purposes of § 4B1.1. In order to overcome a facially valid judgment, I find that a defendant must show that the conviction has been previously determined to be unconstitutionally invalid either on a direct appeal or in a habeas proceeding in accordance with Application Note 6 to § 4A1.2. If such exhaustion has not been pursued or completed prior to sentencing, then I find that the appropriate procedure is for the defendant to file a petition for a correction of this sentence pursuant to § 2255 following a determination that the conviction was unconstitutionally obtained."
> *Avery*, 773 F.Supp. at 1408.

The Oregon district court framed the issue as one of "procedural expediency" instead of "constitutional dimension," noting that although a sentence based upon a constitutionally invalid conviction is impermissible, a district court is not required to reach the issue of the constitutionality of an underlying conviction within the context of a sentencing hearing. *Id.* at 1407. In reaching this conclusion, the court stressed the "strong interests of comity to both state appellate courts and other federal district and appellate courts in determining the constitutional validity of convictions which take place within their jurisdictions" and "the need for timely sentencing following an adjudication of guilt ... consistent with the underlying goal of the Speedy Trial Act." *Id.* at 1407–08.

The proper interpretation of amended application note 6 to section 4A1.2 is an issue of first impression in this Circuit. We now hold, in accord with the interpretation taken by the Second and Eleventh Circuits, that application note 6 allows a district court, in its discretion, to inquire into the validity of prior convictions at sentencing hearings. We deem this approach preferable because it gives meaning to the language found in both application note 6 and the background note. Under this interpretation, a court is only *required* to exclude a prior conviction from the computation of the criminal history category if the defendant shows it to "have been previously ruled constitutionally invalid"; otherwise, the district court has *discretion* as to whether or not to allow the defendant to challenge the prior conviction at sentencing. To the extent that the approach of the Eighth Circuit and the Oregon district court may deny the sentencing court discretion to entertain such a challenge, we disagree because this ignores the intent of the Commission expressed in the background note to allow the sentencing court some discretion in whether to entertain challenges to prior convictions.

Having determined that the sentencing guidelines authorize a district court, in its discretion, to hear constitutional challenges to prior convictions which have not previously been ruled invalid, we now turn to the facts in the instant case.

■ After reviewing the statements and findings of the district court at the sentencing hearing, we are unsure whether the district court simply refused to let Canales challenge the 1982 conviction or instead allowed Canales to challenge the prior conviction and decided that Canales had not met his burden of proving the prior conviction constitutionally invalid. At one point in the hearing, the district court stated that

> "unless that conviction has been set aside, this Court will follow that convic-

tion or use that conviction because to this point it has not been challenged or set aside and this Court is not in a position to make a ruling on that if it's, has not been properly challenged to this point."

This language indicates that the district court simply refused to entertain Canales's challenge to the prior conviction at the sentencing hearing. However, a later statement indicates that the district court did allow Canales to challenge his prior conviction and decided that Canales had not met his burden of proof: "The court is not convinced that there's sufficient evidence here for the court to ignore or disregard or overturn or not take into account the prior conviction in the application of the Guidelines." Because the record is unclear as to whether the district court entertained Canales's challenge to the prior conviction or felt precluded from determining such a challenge, we are compelled to remand to the district court for further proceedings.[2]

On remand, the district court is free to consider a number of factors in deciding whether to entertain the challenge to the prior conviction. These include "the scope of the inquiry that would be needed to determine the validity of the conviction, including whether the issue is contested and whether the invalidity is apparent from the record." *Cornog*, 945 F.2d at 1511 n. 16. Other considerations include those of comity, especially where the challenged conviction is by a state court, but also where it is by another federal court. A key consideration, however, may often be whether the defendant has a remedy other than the sentencing proceeding through which to attack the prior conviction. We note that a defendant convicted of a prior federal offense will normally have such an alternative available. If he is in custody or on parole for the prior federal offense, he can institute a proceeding under 28 U.S.C. § 2255. If he has been discharged from custody, he can institute a coram nobis proceeding. *See United States v. Morgan*, 346 U.S. 502, 74 S.Ct. 247, 251–53, 98 L.Ed. 248 (1954); *United States v. Bruno*, 903 F.2d 393, 395 (5th Cir.1990). With prior state convictions, however, it may be unclear whether a defendant has such an alternative remedy. Where the issue is contested and its resolution not clearly apparent from the record, discretion should normally be exercised by declining to consider the challenge to a conviction by another court if the defendant has available an alternative remedy (apart from a later section 2255 proceeding in the then sentencing court itself).

In the instant case, because Canales has already been released from custody on his 1982 state conviction, it is unclear to us whether Texas would foreclose him from bringing a state habeas corpus petition challenging that conviction. *See* TEX. CODE CRIM.PROC.ANN. art. 11.07 (Vernon 1977); *Ex Parte Renier*, 734 S.W.2d 349, 354 n. 8 (Tex.Crim.App.1987) ("[A]n applicant [who seeks] relief under Article 11.07, §§ 2 and 3 must be suffering collateral legal consequences of a final felony conviction while in confinement in order for this Court to grant relief.").[3] It also appears that Texas would not afford Canales an opportunity to file a writ of coram nobis or seek other similar relief. *See Ex Parte*

---

**2.** As his second point of error, Canales makes a very cursory argument that because he was serving a portion of his sentence in a halfway house when he escaped, he was no longer in prison and thus the district court erred in adding two criminal history points for having committed the offense while he was imprisoned for a criminal justice sentence. *See* U.S.S.G. § 4A1.1(e). This argument is meritless. *See United States v. Vickers*, 891 F.2d 86 (5th Cir. 1989) (holding that the enhancement provisions in guideline sections 4A1.1(d) and (e) apply when the defendant escapes while serving a sentence at a residential center). We address this argument simply to clarify that the district court did not err by increasing Canales's crimi-

nal history score by two points under U.S.S.G. § 4A1.1(e).

**3.** Although it is clear that Canales is barred from filing a habeas petition with the Texas Court of Criminal Appeals under TEX.CODE CRIM.PROC.ANN. art. 11.07 because he is no longer in custody on his state sentence, it is arguable that he could file a habeas petition with a Texas district court. *See Rodriguez v. Court of Appeals, Eighth Supreme Judicial District*, 769 S.W.2d 554, 558 (Tex.Crim.App.1989); *see also Renier*, 734 S.W.2d at 353. In *Rodriguez*, the Texas Court of Criminal Appeals stated:

"Although a post 'final' conviction writ of habeas corpus pursuant to Art. 11.07, supra,

*McCune,* 246 S.W.2d 171 (Tex.Crim.App. 1952); *Ex Parte Massey,* 249 S.W.2d 599, 601 (Tex.Crim.App.1952). As a general rule, a district court should ordinarily entertain a challenge to a prior conviction in a sentencing hearing if it does not appear that the defendant has an alternative remedy through which to challenge the conviction. Therefore, if the district court on remand determines that Canales has no avenue, besides the sentencing hearing (or a subsequent section 2255 proceeding in the sentencing court), through which to challenge his 1982 conviction, the district court should exercise its discretion and hear Canales's challenge to the prior state conviction, absent some special circumstance not called to our attention here.[4] If the district court does exercise such discretion, it should allow Canales sufficient time and opportunity to present his evidence regarding the invalidity of the guilty plea supporting his 1982 conviction and make appropriately specific findings in that regard.

## Conclusion

For the reasons stated above, we vacate Canales's sentence and remand for further proceedings consistent herewith.

## VACATED and REMANDED

mandates that the applicant be 'in custody' before the writ is entertainable by this Court, ... the writs of habeas corpus under Art. 5, § 8 of the Texas Constitution and under Art. 11.05, V.A.C.C.P., and Art. 11.07, § 1, V.A.C.C.P., are not so limited.... A writ of habeas corpus filed in the district court pursuant to its original jurisdiction demands only that the applicant be restrained under the definition of Art. 11.22, supra." *Rodriguez,* 769 S.W.2d at 558. *Accord Ex Parte Hargett,* 819 S.W.2d 866, 867 (Tex.Crim.App.1991) ("Even though an applicant may not be confined, TEX. CONST., Art. V, § 8 provides an avenue by which collateral legal consequences of a conviction may be challenged.") Article 11.22 of the Texas Code of Criminal Procedure defines restraint broadly as "the kind of control which one person exercises over another, not to confine him within certain limits, but to subject him to the general authority and power of the person claiming such right." TEX. CODE CRIM.PROC.ANN. art. 11.22 (Vernon 1977).

## ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

July 8, 1992.

GARWOOD, Circuit Judge:

We deny the Government's petition for rehearing. Our opinion speaks only to situations in which the prior conviction is attacked on nonforfeited grounds that, if properly established, would render the conviction subject to federal court collateral attack as invalid under the United States Constitution. It is not claimed that the challenge to the 1982 conviction here falls outside of that category. The Government recognizes that the Constitution precludes reliance for sentencing purposes on at least certain unconstitutionally obtained prior convictions. *United States v. Tucker,* 104 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). The Government implies, however, that there may be other prior convictions that, though subject to being set aside on federal court collateral attack because of other federal constitutional infirmities, are nevertheless not so infirm that the Constitution precludes their consideration for sentencing purposes. No authorities are cited that support this assertion, no examples of such convictions are given, and it is not even expressly argued that the 1982 conviction here falls within that category. The Government's argument demonstrates no error in our prior opinion and judgment.

4. We note that apparently the relevant witnesses were locally available and the factual issues were relatively simple.

Because the interpretation we have adopted today gives the district court discretion to decide whether to hear a challenge, the sentencing court is in the best position to determine whether it can appropriately consider the challenge to the prior conviction or whether it would be best left for separate review. If the sentencing court decides that the inquiry is one it can appropriately dispose of, the court can impose "procedural requirements for the presentation of disputed sentencing factors," such as requiring the defendant to timely object (with specific statement of reasons) to prior convictions included in the PSR, in order to prevent the hearing from disintegrating into a "parade of horribles." *Jones,* 907 F.2d at 465. If the challenged prior conviction is one which the district court determines will not affect its sentencing decision in any event, it may so state on the record and decline to hear the challenge on that basis.

**1318**

The Petition for Rehearing is DENIED and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc (Federal Rules of Appellate Procedure and Local Rule 35) the Suggestion for Rehearing En Banc is DENIED.