UNITED STATES of America, Plaintiff,

v.

Andrew Frank LAVIGUER, Defendant.

CR No. 92-03-01.

United States District Court,
D. Oregon.

July 10, 1992.

John Haub, Asst. U.S. Atty., Portland, Or., for plaintiff.

Ellen Pitcher, Asst. Federal Public Defender, Portland, Or., for defendant.

MARSH, Judge:

On March 31, 1992, defendant pled guilty to a single count indictment charging him with bank robbery in violation of 18 U.S.C. § 2113(a). In the course of preparing the presentence report, probation determined that defendant has two prior convictions which constitute "crimes of violence" as defined in USSG § 4B1.2 and that he should be sentenced as a "career offender" under that section. Defendant does not dispute that his prior convictions fall within the definition of a "crime of violence," but argues that his August 1986 state conviction for Robbery II is constitutionally infirm and thus, may not be counted for the purposes of enhancing his sentence under the career offender guidelines. Because a resolution of this issue will affect the applicable guideline range, the following constitutes my factual findings and legal conclusions.

In *United States v. Avery*, 773 F.Supp. 1400 (D.Or.1991), I addressed the impact of the Sentencing Commission's amendment to § 4A1.2 Application Note 6 and the background commentary thereto. In *Avery*, the defendant pled guilty to a charge of bank robbery and it was subsequently determined that he qualified for sentencing under the career offender provisions of the guidelines based upon three prior "violent" felonies. Although he had not filed any direct appeal of his prior convictions or collateral attacks via habeas corpus proceedings, Avery sought to challenge the underlying constitutional validity of his prior convictions at the time of sentencing. Both Avery and counsel for the government argued that a district court *must* entertain a collateral attack on a prior state conviction at the time of sentencing for a federal offense, regardless of the language of the 1990 version of Application Note 6 to § 4A1.2 which indicated that a sentence must have been "previously ruled constitutionally invalid." After analyzing the constitutional implications and considering issues of comity and procedural expediency, I rejected the parties' contention that a collateral attack at the time of sentencing was constitutionally mandated. *Id.* at 1407. Accordingly, I held that "I may properly rely upon facially valid prior judgments in determining whether the requisite convictions have been established." In addition I noted that a defendant "must show that the conviction has been previously determined to be unconstitutionally invalid either on a direct appeal or in a habeas proceeding." However, because both parties had extensively briefed the underlying issues and because the issue of collateral attacks under the amended application note had not been addressed by a court before, I proceeded to address the merits of defendant's challenges to his prior convictions.

Since my decision in *Avery*, several circuits have addressed the impact of the 1990 Amendment to Application Note 6 to § 4A1.2. In two decisions, the circuit courts were confronted with the inverse of the factual scenario I confronted in *Avery*, that is, the district court determined that it *could* not consider the validity of a prior conviction. *United States v. Roman*, 960 F.2d 130 (11th Cir.1992) and *United States v. Canales*, 960 F.2d 1311 (5th Cir.1992). In both instances, the courts held that the decision to entertain a collateral attack at the time of sentencing is discretionary with the district court and should involve consideration of factors such as comity, the scope of the necessary inquiry, and the availability of alternative remedies. Thus, because the district courts in *Roman* and *Canales* found that they lacked the jurisdiction to consider the merits of a defendant's collateral attack, the cases were remanded. *See also United States v. French*, 965 F.2d 67 (6th Cir.1992) (collateral attack under § 4A1.2, Note 6 is discretionary); *Compare United States v. Day*, 949 F.2d 973, 980 (8th Cir.1991) (collateral attacks prohibited when prior conviction used to compute history, but permitted to establish 924(e) violation); and *United States v. Custis*, 786 F.Supp. 533, 537 (D.Md.1992) (collateral at-

tack prohibited except "possibly" where defendant totally deprived of counsel).

In my review of these cases, I now realized that my alternative use of the words "may" and "must" leaves a question as to whether I *could* not consider collateral attacks or whether, under the circumstances present in *Avery*, I would not entertain such attacks in the exercise of my discretion.[1] Since *Avery*, I have, in fact, both permitted and disallowed collateral attacks depending upon the very issues identified earlier—comity, the scope of the review, the need for expedient sentencing, and the availability of alternative remedies. Thus, I concur in the conclusions reached by the courts in *Canales, French* and *Roman* that the decision is discretionary.

■ In this case, defendant contends that his prior conviction in Multnomah County is constitutionally invalid because it is based upon a plea which was not "knowing and intelligent" because the court failed to explain his right to a jury trial, right to confront witnesses, and right to be free from compulsory self-incrimination on the record as required by *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). In support of this contention, defendant has submitted a copy of the plea transcript which confirms that the court did not recite, on the record, defendant's rights under *Boykin*. However, the transcript does reveal that defendant was represented by counsel, that a plea petition was submitted, that the court advised defendant of the charges, that defendant described the actions he took which formed the basis of his guilty plea and the court confirmed that defendant was aware of the maximum possible sentence. Further, the government has come forward with a copy of the plea petition signed by defendant in that case which reveals that defendant acknowledged that his lawyer explained and that he understood that, by entering a guilty plea, he waived each of his "Boykin" rights, including the right against self-in-

crimination, the right to put the government to its proof beyond a reasonable doubt before a jury, the right to hear and confront witnesses, the right to testify if he chose to do so, and the right to appeal any conviction. Defendant does not contend that his plea was involuntary or coerced nor does he seek an evidentiary hearing to further substantiate his claims. Because I find that resolution of this issue may be addressed expeditiously and without concerns for comity, in the exercise of my discretion, I now address the merits of defendant's challenge pursuant to § 4A1.2, Note 6 and the background commentary.

■ The initial burden of proving the applicability of the career offender guidelines lies with the government. *United States v. Newman*, 912 F.2d 1119, 1122 (9th Cir.1990). Proof of the fact of conviction satisfies this burden. *Id.* Then, the defendant bears the burden of establishing the constitutional invalidity of the prior conviction. *Id.*

■ As the Ninth Circuit Court of Appeals has noted on several occasions, the longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. *Adams v. Peterson*, 968 F.2d 835, 845–47 (9th Cir. 1992) (Kozinski, J. concurring). As Judge Kozinski aptly points out in this concurrence, an on-the-record recitation of the constitutional rights a defendant waives by entering a plea of guilty is really a "bright-line" protection which serves to avoid uncertainty and provide a more expeditious disposition of a post-conviction attack on a plea. *Id.* However, due process does not require an on-the-record recitation of the *Boykin* factors, but only requires that the plea be voluntary and intelligent. *Id., see also United States v. Carroll*, 932 F.2d 823, 824–5 (9th Cir.1991) (waiver of *Boykin* rights need not be explicit); *United States v. McWilliams*, 730 F.2d 1218, 1224 (9th

---

1. In addition, in *Avery*, several continuances were required to enable defendant to obtain and review voluminous trial transcripts from the prior proceedings. Once the materials were

gathered and sorted by counsel, there was still a voluminous record to review which caused the sentencing to be set over several months.

Cir.1984) (noting no particular 'ritual' required to satisfy *Boykin* at entry of guilty plea); and *Wilkins v. Erickson*, 505 F.2d 761, 763 (9th Cir.1974) (*Boykin* does not require specific articulation of three rights in state proceedings).

■ In light of the evidence produced by defendant on his challenge to the validity of his plea, I find that he was fully apprised of the nature of the charges and the direct consequences of his plea. The existence of a signed plea petition, which fully lists all rights waived by entry of a guilty plea, the presence of counsel at this proceeding, defendant's voluntary disclosure of the specific circumstances surrounding the offense, and the fact that he had been arrested and convicted four times prior to this incident[2], when combine, raise an inference that his plea was both knowing and voluntary. As in *Newman*, this is not a case in which the record is silent, it is simply incomplete. *See e.g. Newman*, 912 F.2d at 1123 (record failed to reveal whether court explained elements of the offense).

Based upon my review of the record as a whole, I find that defendant has failed to come forward with a preponderance of the evidence to satisfy his burden of demonstrating the constitutional invalidity of his August 1986 conviction for Robbery II, listed in paragraph 30 of the presentence report. Accordingly, defendant's objections to the validity of the conviction described in paragraph 30 and the career offender enhancement in paragraph 24 are DENIED.

IT IS SO ORDERED.

2. This includes a prior conviction for a similar charge of Robbery II just six months prior to the conviction challenged at paragraph 30.