IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-40931
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BARTOLO GALVAN-ZAPATA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-99-CR-10-1
_____

August 30, 2000

Before POLITZ, HIGGINBOTHAM, and DEMOSS, Circuit Judges.

PER CURIAM:[*]

Bartolo Galvan-Zapata appeals his conditional- guilty-plea conviction for illegal

reentry of a deported alien in violation of 8 U.S.C. § 1326(a) & (b)(2), contending that

the district court improperly used his prior state conviction to enhance his sentence.

He asserts that the prior conviction was obtained in violation of his constitutional rights.

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court held a hearing to review these contentions during the sentencing proceedings.

The Government does not question that Galvan was entitled to challenge his prior state conviction at his federal offense sentencing, recognizing the applicability of and decision in United States v. Canales.[1] The Government contends that the district court properly considered Galvan's prior conviction, noting that Galvan's state habeas corpus challenge to that conviction was denied.

A sentence will be upheld unless it was "imposed in violation of law; imposed as a result of an incorrect application of the sentencing guidelines; or outside the range of the applicable sentencing guideline and is unreasonable."[2] The trial court's application of the Guidelines is reviewed *de novo*, and its findings of fact are reviewed for clear error.[3]

Under the Guidelines, sentences that have been reversed, vacated, or ruled constitutionally invalid in a prior case are not to be counted in determining the defendant's prior criminal history.[4] When our Canales decision was issued, the Guidelines stated, "[t]he Commission leaves for court determination the issue of whether a defendant may collaterally attack at sentencing a prior conviction," and we held that a district court could exercise its discretion to entertain a collateral challenge

---

[1]960 F.2d 1311 (5th Cir. 1992),

[2]United States v. Garcia, 962 F.2d 479, 480-81 (5th Cir. 1992).

[3]United States v. Stevenson, 126 F.3d 662 (5th Cir. 1997).

[4]U.S.S.G. § 4A1.2, comment. (n.6.).

2

of a prior conviction used for enhancement purposes under the Guidelines.[5] As amended effective November 1, 1993, the present Guideline does not confer any right on a defendant to attack collaterally a prior conviction or sentence beyond such rights otherwise recognized in law.

In Custis v. United States,[6] the Supreme Court held that, with one exception, a defendant could not collaterally attack his prior state conviction as part of federal sentencing proceedings even though that conviction was used to enhance his sentence under the Armed Career Criminal Act. The exception related to the complete denial of counsel, which the court recognized as a "unique constitutional defect," and held that a challenge to a prior conviction on this basis could be raised at sentencing.[7]

Although we have not addressed in a published decision the continuing validity of Canales in light of Custis and the amendment to the Guidelines, in United States v. Toliver,[8] we held that the holding in Canales was superseded by the amendment to § 4A1.2. We determined that Toliver, who was appealing the denial of a § 2255 motion, could not establish ineffective assistance of counsel based on his counsel's failure to attack collaterally the prior conviction used to calculate his criminal history, because "he was not entitled to make such a collateral attack on the prior state conviction." Thus, the holding in Custis was found to extend beyond enhancements

_____

[5]§ 4A1.2, comment. (n.6); App. C, amend. 493; Canales, 960 F.2d at 1315.

[6]511 U.S. 485 (1994),

[7]Id. at 496.

[8]No. 94-40978 (5th Cir. 1995) (unpublished),

3

under the Armed Career Criminal Act and found to apply equally to sentencing enhancements under the Guidelines.

Toliver, albeit unpublished, is binding precedent because it was decided prior to January 1, 1996.[9] Galvan has not shown that he was denied counsel during the state proceeding, nor has he pointed to any independent authority for contesting his prior conviction during the federal sentencing proceedings. Therefore, he was not entitled to challenge his prior state conviction at sentencing, and his assertion that the district court erred in considering this conviction is without merit.

The judgment appealed is AFFIRMED.

---

[9]See FIFTH CIR. RULE 47.5.3; United States v. Taylor, 933 F.2d 307 (5th Cir. 1991).