# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

No. 99-20717
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAUL NIEVES MORALES,

Defendant-

Appellant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Appeals from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-137-1
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
August 31, 2000

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges:

PER CURIAM:[*]

     Saul Nieves Morales appeals his conviction for aiding and abetting the possession with intent to distribute five kilograms or more of cocaine. Morales argues that (1) his seizure was illegal as it was based on neither suspicion nor probable cause; (2) the district court should have suppressed all evidence seized from the apartment where he was staying "because the government failed to sustain its burden of demonstrating that the consent to search the residence was freely and voluntarily given;" and (3) the district court erred in refusing to reduce his offense level under U.S.S.G. § 3B1.2 for minor participation.

     The record reflects that there was a reasonable basis for Drug Enforcement Administration officers to suspect that Morales was involved in criminal activity that had occurred or was about to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

occur inside the residence and that his detention was not unlawful. See United States v. Sokolow, 490 U.S. 1, 7, (1989). The district court did not clearly err in finding that Morales freely and voluntarily consented to the search of the apartment. See United States v. Morales, 171 F.3d 978, 981 (5th Cir. 1999). Nor did the district court clearly err in finding that minor-participant status was not warranted under the circumstances of this case. See United States v. Brown, 54 F.3d 234, 241 (5th Cir. 1995)

Accordingly, the judgment of the district court is AFFIRMED.