IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50478
Summary Calendar
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

SERGIO RODRIGUEZ-GOMEZ, also known as Sergio Gomez-Rodriguez;
AMPELIO SANCHEZ-MARTINEZ, also known as Arturo Martinez-Robles

Defendants - Appellants

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-99-CR-1436-2-H
--------------------
February 19, 2001

Before KING, Chief Judge, and WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Ampelio Sanchez-Martinez (Sanchez) and Sergio Rodriguez-Gomez (Rodriguez) each entered a conditional guilty plea to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine.  They reserved the right to appeal the district court's denial of the motion to suppress.  We review the district court's findings of fact for clear error and the ultimate conclusion as to the constitutionality of the law enforcement action <u>de</u> <u>novo</u>.  <u>Ornelas v. United States</u>, 517 U.S.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

690, 699 (1996); United States v. Chavez-Villarreal, 3 F.3d 124, 126 (5th Cir. 1993). We will not second-guess the district court's findings as to the credibility of witnesses. United States v. Garza, 118 F.3d 278, 283 (5th Cir. 1997).

Sanchez argues that his consent to search arose out of his illegal detention and was thereby tainted. Rodriguez argues that the district court erred in concluding that Sanchez had consented to the search. Given the required deference to the district court's credibility determination and the totality of the circumstances shown by the officers' testimony, the district court did not clearly err in its factual findings that Sanchez voluntarily consented to both the encounter with the police and the search of his residence. The district court did not err in denying the motion to suppress the results of the search. See United States v. Cooper, 43 F.3d 140, 145-46 (5th Cir. 1995); United States v. Morales, 171 F.3d 978, 981 (5th Cir. 1999).

Rodriguez and Sanchez challenge the testimony given by the law enforcement officers at the suppression hearing because the district court refused to sequester the witnesses pursuant to Fed. R. Evid. 615. A party must show both an abuse of discretion and sufficient prejudice to warrant reversal to establish a violation of Rule 615. United States v. Wylie, 919 F.2d 969, 976 (5th Cir. 1990). There has been no such showing of prejudice in this case.

AFFIRMED.