IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10270
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

TOREY TREVOY JOHNSON,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:99-CR-325-1-L
--------------------
April 11, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

     Torey Trevoy Johnson entered a conditional guilty plea to one count of possession of an unregistered firearm.  He reserved the right to appeal the district court's denial of the motion to suppress.  We review the district court's findings of fact for clear error and the conclusion as to the constitutionality of the law enforcement action de novo.  Ornelas v. United States, 517 U.S. 690, 699 (1996).  We will not second-guess the district court's findings as to the credibility of witnesses.  United States v. Garza, 118 F.3d 278, 283 (5th Cir. 1997).

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

It is not necessary to determine whether the district court erred in its finding that Johnson consented to the initial entry into the apartment because that entry was justified by probable cause. Johnson concedes that the officers could have arrested him and searched the immediate area because they had probable cause to believe that a crime was being committed when he opened the door and the officers smelled burning marijuana. See United States v. Ramirez, 145 F.3d 345, 352 (5th Cir. 1998).

Johnson argues that the district court was clearly erroneous in its finding that he consented to a search of the entire apartment. Given the required deference to the district court's credibility determination and the totality of the circumstances shown by the officers' testimony, the district court did not clearly err in its factual findings that Johnson voluntarily consented to the search of his apartment. The district court did not err in denying the motion to suppress the results of the search. See United States v. Cooper, 43 F.3d 140, 145-46 (5th Cir. 1995); United States v. Morales, 171 F.3d 978, 981 (5th Cir. 1999).

Johnson's motion to submit nonconforming record excerpts is GRANTED.

AFFIRMED; MOTION GRANTED.