United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 25, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-60527
Summary Calendar
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

ELEKE DAVIS

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:03-CR-144-All
--------------------

Before KING, Chief Judge, and HIGGINBOTHAM and PRADO, Circuit
Judges.

PER CURIAM:[*]

Eleke Davis appeals his conviction and sentence for

possession with intent to distribute crack cocaine.  We affirm.

We hold that the district court did not erroneously

determine that the confidential informant's tip, which had been

corroborated by the officers' observations, was sufficient to

establish probable cause to search Davis's vehicle.  See United

States v. Morales, 171 F.3d 978, 981-82 (5th Cir. 1999).  We

further hold that the district court did not abuse its discretion

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in refusing to disclose the informant's identity.  See United States v. Mendoza-Burciaga, 981 F.2d 192, 195 (5th Cir. 1992).

Davis failed to renew his motion for judgment of acquittal at the close of evidence; therefore, we review his sufficiency of the evidence argument only for a determination whether the record is devoid of evidence pointing to his guilt and hold that circumstantial evidence other than Davis's mere presence in the vehicle supported the jury's finding that he knowingly possessed the crack seized from the dashboard compartment.  See United States v. Herrera, 313 F.3d 882, 885 (5th Cir. 2002) (en banc); United States v. Jones, 185 F.3d 459, 464 (5th Cir. 1999).  Davis has failed to show an abuse of discretion on the part of the district court in allowing Agent Jeff Killion's phone call testimony into evidence.  See United States v. Lewis, 902 F.2d 1176, 1179 & n.2 (5th Cir. 1990).

Finally, Davis contends that the Mississippi statutory scheme under which he was convicted as an adult for crimes committed when he was a juvenile is unconstitutional and, therefore, that his designation as a "career offender" under U.S.S.G. § 4B1.1 was erroneous.  The district court, however, in its discretion chose not to inquire into the validity of those prior convictions on that basis, and Davis has not shown the district court's decision to be an abuse of its discretion.  See United States v. Canales, 960 F.2d 1311, 1315 (5th Cir. 1992).

AFFIRMED.