**UNITED STATES of America, Plaintiff,**

v.

**Ronald L. REECE, Defendant.**

**Crim. A. No. 91–CR–276.**

United States District Court,
D. Colorado.

June 24, 1992.

Greg Graf, Asst. U.S. Atty., Denver, Colo., for plaintiff.

Ronald L. Reece, pro se.

David Japha, Advisory Counsel, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

### I.  Background

Before me are Reece's motions to dismiss for pre-indictment delay, to suppress evidence and testimony, for production of grand jury minutes, and to exclude his prior convictions.  The motions have been briefed fully and I received evidence and argument on them at May 15, 1992 and June 15, 1992 hearings.  The motions are denied in part and granted in part.

The prosecution alleges that Reece conspired to defraud the United States by preparing and submitting false federal income tax returns for other inmates at the Shadow Mountain Correctional Facility where he was incarcerated.  These acts allegedly violate 18 U.S.C. §§ 286, 287, and 2.

### II.  Motion to dismiss for pre-indictment delay

Although Reece allegedly prepared the tax returns in February and April 1987 he was not indicted until July 26, 1991 and was not notified of these charges until January 1992.  Reece maintains that the United States delayed filing this indictment to gain a tactical advantage over him.

An indictment may be dismissed for pre-indictment delay if the delay was purposely designed to harass or gain a tactical advantage over a defendant and the defendant's ability to defend himself or his right to a fair trial is actually prejudiced as a result of the delay.  *United States v. Comosona*, 614 F.2d 695, 696 (10th Cir.1980); *United States v. Vigil*, 743 F.2d 751, 758 (10th Cir.), *cert. denied*, 469 U.S. 1090, 105 S.Ct. 600, 83 L.Ed.2d 709 (1984).  A defendant must make a *prima facie* showing that the delay in charging him actually prejudices his ability to defend himself.  *Comosona*, 614 F.2d at 697.

Although Reece alleges that the delay in indicting him prejudiced several of his constitutional and statutory rights, he does not show that it prejudiced his right to a fair trial or his ability to defend himself.  Absent a showing of prejudice to either of

these rights, a delayed indictment will not be dismissed. *See Comosona,* 614 F.2d at 696; *Vigil,* 743 F.2d at 758; *United States v. Revada,* 574 F.2d 1047, 1048 (10th Cir. 1978). Because Reece has not made a *prima facia* showing that his right to a fair trial or his ability to defend himself is prejudiced by the delay, his motion to dismiss for pre-indictment delay is denied.

### III. Motion to suppress evidence seized from Reece's cell

■ On September 24, 1987 James Le-Brash, an official at the Shadow Mountain Correctional Facility, searched Reece's cell and seized several bank documents. Le-Brash testified that his supervisor, Major Sperlock, received instructions from the IRS to search Reece's cell for any financial documents. Without explaining the reason for the search, Sperlock instructed LeBrash to recover any financial materials in Reece's cell. LeBrash confirmed that this search was neither routine nor related to prison security. Also, Reece's inmate files mention nothing about the search. Reece moves to suppress the documents removed from his cell, contending they were seized in violation of the Fourth Amendment.

■ "The applicability of the Fourth Amendment turns on whether the person invoking its protection can claim a justifiable, a reasonable, or a legitimate expectation of privacy that has been invaded by the government action." *Hudson v. Palmer,* 468 U.S. 517, 525, 104 S.Ct. 3194, 3199, 82 L.Ed.2d 393 (1984). Society does not recognize as legitimate a prisoner's subjective expectation of privacy in his cell. *Hudson,* 468 U.S. at 526, 104 S.Ct. at 3200. Thus, the Fourth Amendment's protection against unreasonable searches and seizures does not apply to searches of prison cells. *Hudson,* 468 U.S. at 526, 104 S.Ct. at 3200.

Relying on *United States v. Cohen,* 796 F.2d 20 (2d Cir.), *cert. denied,* 479 U.S. 854, 107 S.Ct. 189, 93 L.Ed.2d 122 (1986) Reece contends that this search nevertheless violates the Fourth Amendment because it was ordered by non-prison officials for reasons unrelated to prison security. *Cohen* interprets *Hudson* as approving warrant-less cell searches only where the search was conducted by prison officials for safety reasons. *Cohen,* 796 F.2d at 22. Thus, under *Cohen,* a cell search violates the Fourth Amendment when it is conducted at the instance of non-prison officials for reasons unrelated to prison security. *Cohen,* 796 F.2d at 24.

*Cohen,* however, does not apply here. *Cohen* involved cell searches of a pre-trial detainee who is presumptively innocent and, consequently, retains some Fourth Amendment protections against unreasonable searches and seizures. *See United States v. Willoughby,* 860 F.2d 15 (2d Cir. 1988), *cert. denied,* 488 U.S. 1033, 109 S.Ct. 846, 102 L.Ed.2d 978 (1989). Reece was serving a sentence for a state conviction when his cell was searched. Accordingly, unlike the pre-trial detainee in *Cohen,* he had no Fourth Amendment protection against unreasonable searches and seizures. *See Willoughby,* 860 F.2d at 20.

Furthermore, *Hudson* implicitly recognizes that an unlawful cell search does not violate the Fourth Amendment even though it is conducted for reasons unrelated to prison security. In *Hudson* the Court refused to address the prisoner's argument that searches designed to harass inmates are invalid, because to maintain this argument the Court would have had to assume that prisoners have *some* expectation of privacy in their cells. *See Hudson,* 468 U.S. at 529–530, 104 S.Ct. at 3201–02 (emphasis added). The Court's unwillingness to recognize even limited expectations of privacy in a prisoner's cell indicates that, regardless of a search's purpose, it is proper under the Fourth Amendment. Because Reece, a convicted prisoner, had no Fourth Amendment protections against unreasonable searches and seizures, the evidence taken from his cell will not be suppressed.

Finally, Reece requested production of certain materials submitted during the grand jury investigation of Ronald Tippett to prove his claim that the IRS or United States Attorney's Office ordered his cell to be searched. Because LeBrash's testimony establishes that the IRS ordered his cell to

be searched, this request is moot, and denied as such.

### IV. Motion to suppress Reece's testimony

■ In March 1988 Ronald Tippet was tried in this court on substantially the same charges currently pending against Reece. *See United States v. Tippett*, No. 87–CR–386 (D.Colo.). While testifying for Tippett, Reece confessed to many of the charges now pending against him. Reece, however, never asserted his Fifth Amendment right against self-incrimination, although he was advised of this right. (*See United States v. Tippett*, No. 87–CR–386, Tr. at pp. 1177 ln. 22–1178 ln. 12.) Reece moves to suppress this testimony claiming the prosecution wrongfully refused to request immunity for him, although it knew he would provide exculpatory testimony for Tippett, and that Tippett could not obtain this testimony from any other source. He also argues that the District Court wrongfully denied him immunity, when the prosecution failed to request immunity for him.

■ Only the prosecution can request immunity for a witness. *United States v. Hunter*, 672 F.2d 815, 818 (10th Cir.1982). Absent a request from the prosecution, a court is powerless to grant immunity independently under the guise of due process to assist a defendant in presenting an effective defense. *Hunter*, 672 F.2d at 818. The Tenth Circuit, however, has not determined whether courts can grant immunity independently where, as here, prosecutorial misconduct is alleged. *See Hunter*, 672 F.2d at 818.

The Second Circuit holds that a court can grant defense immunity to a witness if: (1) prosecutorial overreaching forces a witness to invoke his privilege against self-incrimination; (2) the witness' testimony is material and exculpatory and not cumulative; and (3) the defendant has no other way of obtaining the evidence. *United States v. Pinto*, 850 F.2d 927, 935 (2d Cir.), *cert. denied*, 488 U.S. 867, 109 S.Ct. 174, 102 L.Ed.2d 143 (1988). Other circuits hold that a court can independently grant immunity, if the prosecution intentionally seeks to distort the fact-finding process by deliberately withholding immunity from a defense witness to exclude exculpatory evidence. *Government of Virgin Islands v. Smith*, 615 F.2d 964, 968 (3d Cir.1980); *United States v. Westerdahl*, 945 F.2d 1083, 1086 (9th Cir.1991).

Even if adopted by the Tenth Circuit, these rules do not apply here because the due process right implicated in these cases is that of the defendant on trial, in this case Tippett, not the witness, in this case Reece. Because Reece's due process rights are not implicated by the denial of immunity he cannot raise this argument to exclude his testimony in this case.

In any event Reece did not invoke his Fifth Amendment right against self-incrimination. To trigger either of these rules a witness must refuse to testify based on his Fifth Amendment right against self-incrimination. Reece willingly testified for Tippett without invoking his right against self-incrimination. Therefore, the prosecution did not have an opportunity to decide, in the first instance, whether to grant Reece immunity. Accordingly, because Reece did not invoke his Fifth Amendment right against self-incrimination I need not determine whether the prosecution wrongfully withheld immunity. Reece's motion to suppress his testimony given in the Tippett trial, therefore, is denied.

### V. Motion in limine to exclude Reece's prior convictions

#### A. *1991 Wisconsin misdemeanor conviction for false swearing*

■ In July 1991 Reece was convicted in Wisconsin state court for "false swearing", a misdemeanor. Reece moves to exclude this conviction because it is not a felony. Under Rule 609(a)(2) any crime involving a false statement, regardless of the punishment, is admissible. Because false swearing entails a false statement under oath, it is admissible under Rule 609(a)(2) to impeach Reece if he elects to testify. *United States v. Mucci*, 630 F.2d 737, 744 (10th Cir.1980).

## B. *1991 North Dakota conviction for theft of property and services*

On August 29, 1991 Reece pled guilty in North Dakota state court to the charge of theft of property and services, a class "C" felony.. Reece contends this felony conviction is inadmissible because its prejudicial effect to him outweighs its probative value.

Evidence that an accused has been convicted of a crime punishable by imprisonment in excess of one year shall be admitted if the court determines that the probative value of admitting the evidence outweights its prejudicial effect to the accused. Fed.R.Evid. 609(a)(1). The government bears the burden of proving that the probative value outweighs the prejudicial effect to the accused. *United States v. Bagley*, 772 F.2d 482, 487 (9th Cir.1985), *cert. denied*, 475 U.S. 1023, 106 S.Ct. 1215, 89 L.Ed.2d 326 (1986). In balancing these interests I consider: (1) the point in time of the conviction and the subsequent history of the defendant; (2) similarity between the past crime and the current charge; (3) importance of the defendant's testimony; (4) impeachment value of the prior conviction; and (5) importance of the defendant's credibility. *Bagley*, 772 F.2d at 487. *See also United States v. Lamb*, 575 F.2d 1310, 1314 (10th Cir.), *cert. denied*, 439 U.S. 854, 99 S.Ct. 165, 58 L.Ed.2d 160 (1978); *United States v. Jackson*, 696 F.2d 578, 589 (8th Cir.1982), *cert. denied*, 460 U.S. 1073, 103 S.Ct. 1531, 75 L.Ed.2d 952 (1983).

At the June 15, 1992 hearing the United States merely argued that this conviction is probative of Reece's alleged proclivity to lie. In support of its assertion that Reece is a perpetual liar it recited a litany of Reece's alleged misrepresentations, yet supplied no proof to uphold these assertions. The United States' unsupported allegations of Reece's alleged untruthfulness or the circumstances underlying this conviction are insufficient to satisfy its burden of showing that the probative value of this conviction outweighs its prejudicial effect to Reece. Furthermore, this recent conviction is facially dissimilar to the pending charges, Reece's testimony is important, and any impeachment value of this conviction is slight. I conclude that the prejudicial effect of this conviction outweighs its probative value. Accordingly, this conviction may not be used to impeach Reece if he elects to testify.

## C. *1983 Weld County, Colorado conviction for theft of rental property*

On May 22, 1983 Reece was convicted in Weld County, Colorado for theft of rental property, a felony. For the same reasons the 1991 North Dakota conviction is inadmissible under Rule 609, the United States fails to sustain its burden of showing that the probative value of this conviction outweighs its prejudice to Reece.

## D. *1971 Los Angeles County and 1979 Riverside County, California convictions*

On May 20, 1971 Reece was convicted in Los Angeles County, California for issuing checks without sufficient funds, a felony. Similarly, on June 11, 1979 Reece was convicted in Riverside County, California for uttering and delivering false checks. Reece argues that these convictions are invalid because the trial court did not advise him of his Fifth Amendment rights before he testified at these trials.

Where, as here, a defendant makes a *prima facia* showing that his prior convictions are constitutionally infirm the government bears the burden of showing that the convictions are proper. *United States v. Lewis*, 486 F.2d 217, 218 (5th Cir.1973). *See also Sena v. Romero*, 617 F.2d 579, 581 (10th Cir.1980) (habeas corpus proceeding). When a defendant collaterally attacks a state conviction the prosecution seeks to use for impeachment, the conviction's validity must be determined in the first instance under the law of the state where it was obtained. *Cf. United States v. Moore*, 556 F.2d 479, 484 (10th Cir.1977) (resorting to California law to determine whether a California conviction is expunged under Rule 609(c)).

Under established California law a trial court must ensure that a criminal de-

fendant proceeding *pro se* is aware of his constitutional right not to testify before he testifies. *People v. Doane,* 200 Cal.App.3d 852, 866, 246 Cal.Rptr. 366, 374 (1988). Failure to advise an unrepresented defendant of this right is reversible error of constitutional dimension unless harmless beyond all reasonable doubt. *Doane,* 200 Cal.App.3d at 866, 246 Cal.Rptr. at 374.

Reece states, under oath, that he represented himself in these cases and testified on his own behalf during these trials. Reece further states that before testifying the court did not advise him of his Fifth Amendment rights and did not obtain a waiver of these rights on the record. (*See* Defendant's reply to response of government to defendant's motion in limine filed May 11, 1992 n. 1.) This evidence is sufficient to satisfy his initial burden of showing *prima facia* that these convictions are invalid. The burden then shifts to the United States to prove the convictions are valid.

The United States presents no evidence controverting Reece's claim that the court failed to advise him of his Fifth Amendment rights before he testified. It submits only a certified copy of these judgments of conviction to substantiate their validity. Because the United States fails to prove the validity of these convictions, they are inadmissible to impeach Reece at trial if he elects to testify.

### E. *1983 Wyoming conviction for fraud by check*

██ On September 20, 1983 Reece pled guilty to forty-six misdemeanor counts of fraud by check in Fremont County, Wyoming. Reece contends this conviction is inadmissible because it is not a felony and its prejudicial effect to him outweighs its probative value. This conviction is admissible under Rule 609(a)(2) because issuing a bad check involves both dishonesty and a false statement. *Mucci,* 630 F.2d at 743–744. By the same token, I need not balance the probative value of this conviction against its prejudicial effect to determine whether it is admissible because Rule 609(a)(2) allows admission of convictions in-

volving dishonesty or a false statement. *Mucci,* 630 F.2d at 743–744. Therefore, this conviction is admissible to impeach Reece if he testifies.

### F. *1966 conviction in the United States District Court for the Western District of Missouri*

██ On October 24, 1966 Reece pled guilty in the United States District Court for the Western District of Missouri to transporting forged securities in interstate commerce in violation of 18 U.S.C. § 2314. Reece contends this conviction is unconstitutional because he was denied his right to represent himself, and when entering his guilty plea, the court did not advise him of the elements of the offense to which he was pleading and the rights he was waiving by pleading guilty. He also objects that this conviction should not be admitted because it is more than 10 years old.

Reece states under oath that when he entered this plea the court did not advise him he was waiving his right against self-incrimination, right to a jury trial, right to confront and cross examine witnesses, right to call witnesses and secure their presence, and that the government bears the burden of proving his guilt beyond a reasonable doubt. (*See* defendant's reply to response of government to defendant's motion in limine filed May 11, 1992, at ¶ 1(b)). He further states under oath that the court denied him his right to represent himself during these proceedings by forcing counsel to represent him. (*See* defendant's reply to response of government to defendant's motion in limine filed May 11, 1992, at ¶ 1(a)). These sworn allegations are sufficient to make a *prima facia* showing that this conviction is unconstitutional. Accordingly, the burden shifts to the United States to prove it is constitutional.

The United States submits only a one page copy of Reece's judgment of conviction in this case. It presents no evidence or argument which controvert Reece's sworn allegations or which establish the validity of this plea. The United States, thus, fails to sustain its burden of proving

the validity of this conviction. Therefore, it is inadmissible to impeach Reece at trial.

Moreover, the United States fails, as Rule 609(b) requires, to advance specific facts and circumstances demonstrating that the probative value of this 25 year old conviction outweighs its prejudicial effect. Thus, on this additional basis, this conviction is inadmissible to impeach Reece. Fed. R.Evid. 609(b).

### G. *1965 conviction in Yellowstone County, Montana for uttering and delivering a false check*

On October 20, 1965 Reece pled guilty in Montana state court to the felony of uttering and delivering a false check. Reece argues that this conviction is inadmissible because it is more than 10 years old. Because the United States fails to allege the specific facts and circumstances required by Rule 609(b) to show that the probative value of this 26 year old conviction outweighs its prejudicial effect, it will be excluded. Thus, it cannot be used to impeach Reece if he testifies at trial.

Accordingly, IT IS ORDERED THAT:

(1) Reece's motion to dismiss for pre-indictment delay IS DENIED;

(2) Reece's motions to suppress and for production of grand jury minutes ARE DENIED;

(3) Reece's motion to exclude his testimony given in the Tippett trial IS DENIED; and

(4) Reece's motions to exclude his 1991 Wisconsin and 1983 Wyoming misdemeanor convictions ARE DENIED, but his motions to exclude his 1991 North Dakota, 1983 Weld County Colorado, 1971 Los Angeles County California, 1979 Riverside County California, 1965 Montana, and 1966 federal convictions ARE GRANTED.