UNITED STATES of America, Plaintiff,

v.

Michael A. SHEARER, a/k/a "Michael Austin Coletta", Defendant.

Crim. A. No. 92–CR–216.

United States District Court,
D. Colorado.

Feb. 8, 1993.

Kathy Tafoya, Guy Till, Asst. U.S. Attys., Denver, CO, for plaintiff.

Neil MacFarlane, Westminster, CO, for defendant.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

### I.

Defendant Michael A. Shearer (Shearer) moves to exclude his 1981 and 1984 California convictions for sentence enhancement purposes. The motion has been briefed fully and at Shearer's February 5, 1993 sentencing hearing I received argument on the motion. The motion is denied.

In 1981 Shearer pled guilty to one count of robbery (the 1981 conviction) in Nevada County, California. The court sentenced him to five years in prison. Shearer claims, however, this conviction is constitutionally infirm because the judge failed to inform him that following his term of incarceration he would serve a mandatory three year parole term. Shearer claims he never would have accepted the plea bargain had the judge informed him of this mandatory parole term. Shearer asserts that the judge's failure to inform him of this mandatory parole term renders this conviction constitutionally invalid because he entered his guilty plea unaware of its full, direct consequences.

Shearer also claims his 1984 convictions on two counts of accessory after the fact to burglary (the 1984 convictions) are constitutionally infirm because he received ineffective assistance of counsel during the trial and appeal of these charges. Shearer testified during the trial of these two counts and was impeached with his 1981 robbery conviction. Shearer claims the 1984 convictions are constitutionally invalid because his lawyer failed to challenge the use of his 1981 conviction. He also claims these convictions are constitutionally invalid because on appeal of these convictions counsel failed to argue that use of the 1981 conviction was error.

### II.

#### A.

The United States Sentencing Guidelines (USSG or guidelines) provide that a defendant's criminal history category shall be increased by three points for each of his prior sentences of imprisonment exceeding one

year and one month. USSG § 4A1.1(a). Shearer's 1981 and 1984 felony convictions resulted in two sentences, each exceeding one year and one month. If these prior convictions are considered in computing Shearer's sentence his criminal history category is a level III, resulting in a sentencing range of 78 to 97 months. If one of these convictions is excluded his criminal history category would be a level II, yielding a sentencing range of 70 to 87 months. If all of these convictions are excluded his criminal history category is a level I, resulting in a sentencing range of 63 to 78 months.

■ "Sentences resulting from convictions that a defendant shows to have been previously ruled constitutionally infirm are not to be counted." USSG § 4A1.2 application note 6 (note 6). In 1990 the United States Sentencing Guideline Commission amended note 6 to make it more difficult for a defendant to collaterally attack the validity of a prior conviction at sentencing. Before 1990 a defendant could challenge freely a prior conviction at sentencing. *See* USSG § 4A1.2 application note 6 (1989 ed.). Now, however, a prior conviction must be excluded only if in a previous case or proceeding the defendant has demonstrated that the prior conviction is constitutionally invalid. *United States v. Hoffman*, 982 F.2d 187, 190 (6th Cir.1992); *United States v. Canales*, 960 F.2d 1311, 1315 (5th Cir.1992). There are no *ex post facto* problems in applying the 1990 guideline amendments to this case because Shearer's offenses have occurred after enactment of these amendments. *See Hoffman*, 982 F.2d at 190.

■ Under the 1990 guideline amendments I need not entertain a defendant's collateral challenge to a prior conviction at sentencing. I, however, may permit a defendant to collaterally attack a prior conviction at sentencing. USSG § 4A1.2 background note. In determining whether to allow a defendant to collaterally attack a prior conviction at sentencing I consider "the scope of the inquiry that would be needed to determine the validity of the conviction, including whether the issue is contested and whether the invalidity is apparent from the record". *Canales*, 960 F.2d at 1316 (quoting *United*

*States v. Cornog*, 945 F.2d 1504, 1511 n. 16 (11th Cir.1991)). Comity also bears upon whether at sentencing I should allow a defendant to challenge collaterally a prior conviction, especially where the conviction was obtained in state court. *Canales*, 960 F.2d at 1316. I also consider the availability of other remedies to attack a prior conviction. *Canales*, 960 F.2d at 1316. Where the prior conviction is contested, its resolution is not clear from the record, and the defendant has an alternate remedy available I should decline to entertain a collateral challenge to the prior conviction. *Canales*, 960 F.2d at 1316.

### B.

■ Here, the scope of the inquiry to determine the validity of the 1981 conviction is narrow. Although the validity of this conviction is contested, its validity can be ascertained from the record. The issue is whether the trial court informed Shearer of the mandatory parole term. The record contains all the requisite information I need to determine the validity of the 1981 conviction. Comity, however, disfavors review of this California conviction. Finally, while neither party discusses Shearer's alternate remedies for attacking the 1981 conviction, I doubt he has any viable avenues to challenge this 12 year old conviction. Because Shearer's available remedies to otherwise challenge his 1981 conviction are suspect and because an extensive inquiry is unnecessary to ascertain the validity of this conviction I will allow Shearer to challenge the constitutionality of his 1981 conviction.

### C.

■ An extensive inquiry is likewise unnecessary to determine the validity of Shearer's 1984 convictions. A defendant's collateral attack of a prior conviction on the basis of ineffective assistance of counsel ordinarily entails a fact specific inquiry. In most cases, extrinsic evidence is needed to determine the prevailing standards of competency and whether counsel's performance fell below this standard. Furthermore, this type of challenge generally requires an extensive review of the trial record to determine whether counsel's omission prejudiced the defendant.

In the usual case such extensive inquiry would weigh against a defendant's challenge to a prior conviction at sentencing based upon allegations of ineffective assistance of counsel.

Here, however, the inquiry is uninvolved because Shearer's claim of ineffective assistance of counsel rises and falls with the validity of his 1981 conviction. Because the 1981 conviction is valid little inquiry is required to determine the validity of the 1984 convictions. Furthermore, as with his 1981 conviction, comity disfavors reviewing these California convictions. However, it is unlikely Shearer has an alternate means of challenging these convictions. Thus, I will entertain Shearer's collateral challenge to his 1984 convictions.

### III.

#### A.

■ I cannot use a conviction resulting from an unconstitutionally obtained guilty plea to enhance a sentence. *Burgett v. Texas*, 389 U.S. 109, 115, 88 S.Ct. 258, 262, 19 L.Ed.2d 319 (1967). The parties cite no Tenth Circuit authority, and I find none, discussing the respective burdens the parties carry when a defendant challenges the constitutionality of a prior conviction at sentencing. In *United States v. Reece*, 797 F.Supp. 843 (D.Colo.1992) I held that when a defendant moves to exclude a prior conviction the prosecution seeks to use for impeachment purposes the government bears the burden of proving the constitutionality of the conviction after the defendant makes a *prima facie* showing that the conviction is invalid. Since my decision in *Reece*, however, the Supreme Court decided *Parke v. Raley*, — U.S. —, —, 113 S.Ct. 517, —, 121 L.Ed.2d 391 (1992). *Parke* permits the imposition of a greater burden on a defendant when he collaterally challenges a prior conviction than that which I required in *Reece*.

*Parke* addresses the due process concerns of placing a burden of proof on a defendant collaterally challenging a prior conviction the prosecution sought to use for sentence enhancement. *Reece*, on the other hand, involved a collateral challenge to prior convictions the prosecution sought to use for impeachment. Regardless of whether a prior conviction is used for impeachment or sentence enhancement the same concerns of reconstructing an old, often inaccessible record of the conviction to determine the conviction's validity exist. The issue in either case is who should bear this burden. Because of the sound reasons expressed in *Parke* I hold, as have a majority of the United States Court of Appeals, that a defendant bears the burden of proving the constitutional infirmity of the prior conviction. Because *Reece* is to the contrary I decline to follow it.

In *Parke* the Court observed that "[o]ur precedents make clear, however, that even when a collateral attack on a final conviction rests on constitutional grounds, the presumption of regularity that attaches to final judgments makes it appropriate to assign a proof burden to the defendant". *Parke*, — U.S. at —, 113 S.Ct. at 524, 121 L.Ed.2d at 405. The Court then held that it is permissible to place the *entire* burden on a defendant to prove the invalidity of a prior conviction when he collaterally attacks it at sentencing. *Parke*, — U.S. at —, 113 S.Ct. at 525, 121 L.Ed.2d at 406 (emphasis added). Society's interest in increasing a repeat offender's punishment and the presumption of regularity afforded final judgments warrant placing this burden on a defendant.

Congress and the states have a legitimate interest in increasing a recidivist's punishment. *See Parke*, — U.S. at —, 113 S.Ct. at 524, 121 L.Ed.2d at 405. This legitimate interest is frustrated when the prosecution must prove the constitutionality of a prior conviction. This task more often than not involves sifting through stale and often inaccessible records in distant jurisdictions. *See Parke*, — U.S. at —, 113 S.Ct. at 524, 121 L.Ed.2d at 405. In most cases, the defendant is the only source of information regarding the judicial proceedings leading up to the prior conviction. Accordingly, assigning a burden of proof to him is fair and warranted. *See Parke*, — U.S. at —, 113 S.Ct. at 524, 121 L.Ed.2d at 405.

Furthermore, assigning this burden to the defendant accords with the presumption of regularity that attaches to a final judgment.

*Parke,* —— U.S. at ——, 113 S.Ct. at 523, 121 L.Ed.2d at 404. If the burden of proving the constitutionality of the conviction is placed on the prosecution this time honored presumption has little meaning. To overcome this established presumption the burden of proving the constitutional infirmity of a prior conviction appropriately resides with the party challenging the prior conviction.

■ Although *Parke* allows the shifting burden scheme I employed in *Reece,* the better rule is that when a defendant collaterally challenges a prior conviction which the prosecution seeks to use for sentence enhancement, the defendant bears the burden of proving by a preponderance of the evidence that the conviction is constitutionally infirm after the prosecution has proven the fact of the conviction. *See United States v. Unger,* 915 F.2d 759, 761 (1st Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1005, 112 L.Ed.2d 1088 (1991); *United States v. Newman,* 912 F.2d 1119, 1122 (9th Cir.1990). Moreover, the circuits which have addressed this issue unanimously agree that a defendant bears the burden of proving the invalidity of the prior conviction at sentencing. *Unger,* 915 F.2d at 761; *Newman,* 912 F.2d at 1121; *United States v. Davenport,* 884 F.2d 121, 124 (4th Cir.1989); *United States v. Boyer,* 931 F.2d 1201, 1204 (7th Cir.) *cert. denied,* —— U.S. ——, 112 S.Ct. 209, 116 L.Ed.2d 167 (1991); *United States v. Dickens,* 879 F.2d 410, 411 (8th Cir.1989); *United States v. Ruo,* 943 F.2d 1274, 1276 n. 4 (11th Cir.1991).

### B.

■ There being no dispute as to the existence of the 1981 conviction, the government has satisfied its burden of proving the fact of the 1981 conviction. This minimal showing is sufficient to satisfy the government's burden of proving a sentence enhancer. *See United States v. Ried,* 911 F.2d 1456, 1461 (10th Cir.1990) (holding that the prosecution bears the burden of proving a sentence enhancer), *cert. denied,* —— U.S. ——, 111 S.Ct. 990, 112 L.Ed.2d 1074 (1991). I, therefore, presume it to have been procured through regular proceedings. *Parke,* —— U.S. at ——, 113 S.Ct. at 523, 121 L.Ed.2d at 404; *Unger,* 915

F.2d at 761. Shearer now bears the burden of proving that it is constitutionally infirm. He fails to make a showing sufficient to overcome the presumption of regularity.

■ It is undisputed that the trial judge failed to advise Shearer that he would be subject to a three year mandatory parole term after completing his term of incarceration. Shearer argues that this conviction is invalid under the United States Constitution because the court did not advise him properly of this consequence of entering his guilty plea.

Under federal constitutional law a conviction is invalid if the defendant enters it involuntarily, unknowingly, and unaware of its direct consequences. *Boykin v. Alabama,* 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969); *Brady v. United States,* 397 U.S. 742, 755, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747 (1970). In *Carter v. McCarthy,* 806 F.2d 1373 (9th Cir.1986), *cert. denied,* 484 U.S. 870, 108 S.Ct. 198, 98 L.Ed.2d 149 (1987) the Ninth Circuit upheld a defendant's collateral attack on his prior conviction where he raised arguments identical to those raised by Shearer. In *Carter,* however, the court found that a California district court failed to inform the defendant that he would be subject to a mandatory three year parole term upon completion of his incarceration. The Ninth Circuit upheld the defendant's collateral challenge to this conviction, holding that because the sentencing court failed to inform him of the mandatory parole period he did not understand the full consequences of entering his plea. *Carter,* 806 F.2d at 1376. In *Carter,* however, the court found that the defendant was unaware of the mandatory parole period and that had the defendant known of this mandatory parole period he would not have pled guilty. Because the defendant would not have pled guilty had he known of the mandatory parole period the court's failure to advise him of the mandatory parole period was not harmless beyond a reasonable doubt. *Carter,* 806 F.2d at 1377.

Shearer's case is distinguishable from *Carter.* Here, the colloquy between Shearer and the trial court indicates that the court did not advise him of the mandatory parole period.

In fact, the court told Shearer that the maximum charge is five years. (Exhibit B at p. 4 ll. 10—12.) However, Shearer's statement in support of his change of plea, which he read and signed, indicates that he understood the full consequences of pleading guilty. (Exhibit A ln. 6.) This statement also indicates that counsel represented Shearer in this case and discussed with Shearer the full consequences of pleading guilty. (Exhibit A ln. 6.) Although another portion of this statement indicates that the five year incarceration period is the maximum sentence, it also indicates that Shearer's lawyer explained possible penalties to him.

In *United States v. Davis*, 929 F.2d 554, 557 (10th Cir.1991) the Tenth Circuit held that the record of a defendant's guilty plea need not enumerate the rights the defendant waives and elements of the offense to which he pleads guilty. Rather, the record must only show a voluntary and intelligent plea. *Davis*, 929 F.2d at 557. Similarly, with regard to a defendant's awareness of the full, direct consequences of his guilty plea the record need not recite these consequences. *See Davis*, 929 F.2d at 557. The record must demonstrate only that the defendant was aware of the full, direct consequences of pleading guilty. *Davis*, 929 F.2d at 557.

Shearer was represented by counsel throughout the proceedings leading up to the 1981 conviction. Counsel advised Shearer of the consequences of his guilty plea. From these facts I infer that counsel advised Shearer of the mandatory parole period. Accordingly, I am not persuaded by a preponderance of the evidence that Shearer was unaware of the full, direct consequences of his guilty plea.

Moreover, although Shearer claims that he would not have pled guilty had he been advised of the mandatory parole term I am not persuaded by a preponderance of the evidence that his decision would have been any different had he known of the mandatory parole term. He does not support this belated self-serving statement with any credible corroborating evidence. I find that even if Shearer had been aware of the mandatory parole term he would have pled guilty. Accordingly, the trial court's failure to advise

Shearer of the mandatory parole period was harmless beyond all reasonable doubt. *See Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

I find and conclude that Shearer failed to prove by preponderance of the evidence that he was unaware of the full consequences of entering his 1981 guilty plea. Accordingly, this conviction may be used to increase Shearer's criminal history category.

### C.

▉ Likewise there is no dispute as to the fact of the 1984 convictions. Thus, the government has satisfied its threshold burden of proving the fact of the 1984 convictions and that Shearer's sentence should be increased. I, therefore, presume these convictions to have been procured through regular proceedings. *Parke*, —— U.S. at ——, 113 S.Ct. at 523, 121 L.Ed.2d at 404; *Unger*, 915 F.2d at 761. Shearer now bears the burden of proving them to be constitutionally invalid. Again, he fails to make a showing sufficient to overcome the presumption of regularity accorded these convictions.

I found that Shearer was aware of the full, direct consequences of entering his 1981 plea. I also found that even if he was unaware of the mandatory parole conditions, any error was harmless beyond a reasonable doubt because even had he been informed of the mandatory parole conditions, he would have still pled guilty. Given these findings it would have been pointless for Shearer's lawyer to challenge the 1981 conviction in the 1984 prosecution. His lawyer's performance, therefore, did not fall below an objective standard, because no reasonable lawyer would have challenged a conviction for which there were no grounds for suppression. Also, Shearer cannot show prejudice resulting from his lawyer's failure to challenge this conviction because it would not have been suppressed.

Shearer has not demonstrated that his lawyer's performance in the 1984 case was deficient or that he was prejudiced by his lawyer's performance. Thus, Shearer fails to demonstrate that he received ineffective legal assistance. Consequently, Shearer has not

proven that his 1984 convictions are constitutionally infirm. Shearer's 1984 convictions may be used to increase his criminal history category.

Accordingly IT IS ORDERED that Shearer's motion to exclude his prior convictions is denied.