17 F.3d 1437
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Michael SHEARER, Defendant-Appellant.
 No. 93-1050.
 United States Court of Appeals,
Tenth Circuit.
 Feb. 18, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before TACHA and EBEL, Circuit Judges, and COOK, Senior District Judge[2]
 
 
 2
 Defendant-Appellant, Michael Shearer, appeals from the sentence imposed after his guilty plea on the charge of conspiracy to possess ephedrine with intent to manufacture methamphetamine in violation of 21 U.S.C. 841(d)(1) and 846. In particular, the defendant claims that the district court improperly enhanced his sentence under the Federal Sentencing Guidelines, alleging that two prior convictions are constitutionally infirm.
 
 
 3
 Defendant pled guilty to robbery in California in 1981. At the hearing in which he changed his plea to guilty, the state trial judge did not mention that the defendant would be subject to a mandatory three-year period of parole after his prison term. Because he claims that he would not have pled guilty in 1981 if he had known of the three year parole term, defendant alleges that the failure of the trial court to inform him of this parole term constituted a due process violation that caused him to make his plea without knowledge of the consequences.
 
 
 4
 Defendant was also convicted in California of burglary in 1984. At trial, the prosecution used the 1981 conviction to impeach him. Defendant now claims that the failure of his trial counsel to collaterally challenge the 1981 conviction in 1984 constituted ineffective assistance of counsel in violation of the Sixth Amendment.
 
 
 5
 In the instant matter, the defendant argues that the district court erred, while calculating the sentence for the conspiracy conviction, by using the both 1981 and 1984 convictions to determine the defendant's criminal history points under the Sentencing Guidelines. U.S.S.G. 4A1.1. Despite the defendant's challenges, the district court found that the defendant did not show, by a preponderance of the evidence, that the two prior convictions were invalid. The district court found that the defendant did know about the mandatory parole term, because he was advised by counsel of the consequences of his plea and the court inferred that this advice would include the parole term. United States v. Shearer, 814 F.Supp. 958, 963 (D. Colo.1993). In addition, the district court concluded that, despite self-serving affidavits to the contrary, the defendant would have accepted the guilty plea even if he had been appraised of the three-year parole. Id. The defendant appeals from these findings. The sole issue on appeal is whether the district court improperly used the 1981 and 1984 convictions in calculating defendant's criminal history points.
 
 
 6
 We reverse the district court's findings of fact during sentencing only if they are clearly erroneous. United States v. Lambert, 995 F.2d 1006, 1008 (10th Cir.1993). In this case, after the government established the fact of the two prior convictions, the defendant had the burden of showing that these convictions were constitutionally invalid. United States v. Unger, 915 F.2d 759, 761 (1st. Cir.1990), cert. denied, 498 U.S. 1104 (1991); United States v. Newman, 912 F.2d 1119, 1122 (9th Cir.1990); United States v. Boyer, 931 F.2d 1201, 1205-05 (7th Cir.), cert. denied, 112 S.Ct. 209 (1991). See United States v. Wicks, 995 F.2d 964, 978 (10th Cir.1993) (holding that, under the Armed Career Criminal Act, "once the government has established the fact of a prior conviction based on a guilty plea, the defendant has the entire burden of [proving] the invalidity of the conviction"). See also, Parke v. Raley, 113 S.Ct. 517, 523 (1992) (on collateral attack, final judgments have a "presumption of regularity").
 
 
 7
 We conclude that the district court was not clearly erroneous in its finding that defendant failed to show that he did not know of the mandatory three-year parole term when he accepted his plea in 1981. It is uncontroverted that the trial judge failed to notify the defendant of the parole term during the change of plea hearing. Shearer, 814 F.Supp. at 962. However, defendant was represented by counsel at the time he entered his guilty plea. Defendant signed a plea form and initialed a section of the form which stated that he had discussed the plea with counsel and was aware of all the consequences of the guilty plea. Id. Because the parole term was mandatory for this type of case in California, we cannot conclude that the district court's inference that defendant was aware of the parole was clearly erroneous. Since the district court's conclusion that defendant knew of the full consequences of his plea is not clearly erroneous, we conclude that defendant's 1981 guilty plea was entered both knowingly and voluntarily.[3]
 
 
 8
 Because we conclude that the 1981 conviction was valid, the failure of counsel to collaterally attack it in 1984 cannot constitute ineffective assistance of counsel. Thus, the district court's calculation of criminal history points during defendant's sentencing was not clearly erroneous.
 
 
 9
 The district court's judgment is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Honorable H. Dale Cook of the Northern District of Oklahoma, sitting by designation
 
 
 [3]
 We thus do not need to decide whether the district court's alternative conclusion that defendant would not have changed his plea had he known of the parole was clearly erroneous