39 F.3d 1193
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Michael E. MOLAND, Defendant-Appellant.
 No. 94-1032.
 United States Court of Appeals, Tenth Circuit.
 Nov. 3, 1994.
 
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore the case is ordered submitted without oral argument.
 
 
 2
 Defendant-Appellant Michael E. Moland ("Moland") entered into a conditional plea agreement based on two counts of distributing crack cocaine and waived his rights to trial by voluntarily, knowingly, and intelligently pleading guilty. See 18 U.S.C. 2; 21 U.S.C. 841(a)(1) & (b)(1)(C). However, as Moland's plea was conditional, he was permitted to appeal a motion to suppress evidence that was previously denied by the district court. On appeal, this court affirmed the decision of the district court. United States v. Moland, 996 F.2d 259 (10th Cir.1993), cert. denied, 114 S.Ct. 722 (1994).
 
 
 3
 Moland then filed a petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. 2255 with the district court requesting that it vacate his sentence on the grounds that: (1) his sentence was enhanced based on constitutionally defective guilty pleas entered in three prior cases; and (2) he was denied effective assistance of counsel in the instant case as his attorney did not collaterally attack his prior guilty pleas at sentencing. The district court accepted that Moland could have collaterally attacked his earlier guilty pleas, but rejected his first claim as procedurally barred because he did not raise the issue on direct appeal after pleading guilty in the present case. The district court also rejected Moland's ineffective assistance of counsel claim, holding that Moland's counsel was not required to investigate the substance of Moland's prior guilty pleas. After the district court's denial of his petition, Moland filed a timely appeal of his ineffective assistance of counsel claim, but did not appeal the district court's dismissal of his first claim that his sentence was impermissibly enhanced based on unconstitutional convictions.[2]
 
 
 4
 Moland argues on appeal that his counsel was ineffective because counsel did not raise the issue of the constitutional sufficiency of the prior convictions. Moland acknowledges that after the government established the existence of the three previous convictions based on his guilty pleas, he had the burden of proving that those convictions were invalid. United States v. Wicks, 995 F.2d 964, 978 (10th Cir.), cert. denied, 114 S.Ct. 482 (1993); see also Parke v. Raley, 113 S.Ct. 517, 525-26 (1992) (the use of prior counseled convictions for sentence enhancement is constitutional and previous guilty pleas are presumed valid). However, Moland argues that his attorney failed to investigate adequately and collaterally attack the constitutional validity of the three prior convictions on the grounds that when he pled guilty to those crimes, he was not advised that those pleas included a mandatory term of parole.
 
 
 5
 We review de novo the issue of whether failure to review Moland's prior guilty pleas constitutes ineffective assistance of counsel. United States v. Rhodes, 913 F.2d 839, 844 (10th Cir.1990), cert. denied, 498 U.S. 1122 (1991). Under Strickland v. Washington, 466 U.S. 668 (1984), a counsel's assistance is constitutionally defective if his/her performance failed to meet an objective standard of reasonable performance and such failure affected the outcome of the proceeding. Id. at 690-92. The district court held that the performance of Moland's counsel met the competency standard and thus did not support a claim under Section 2255, as counsel does not have a duty to investigate the constitutionality of presumptively valid prior convictions used for purposes of sentence enhancement absent specific information adequate to call the constitutionality of such convictions into doubt.
 
 
 6
 We affirm the judgment of the district court, but rely on a recent Supreme Court case decided after the district court issued its opinion. The Supreme Court recently explained that the only basis for attacking prior convictions during sentencing is the lack of an appointed counsel in the prior cases. Custis v. United States, 114 S.Ct. 1732, 1738 (1994).[3] However, Custis only precludes collateral attacks on prior convictions during sentencing. See id. at 1734. Custis does not limit the ability of prisoners to challenge prior convictions used to enhance sentences through a subsequent petition for a writ of habeas corpus. See id. at 1739 (recognizing that a prisoner is "in custody" for completed sentences on state convictions under Maleng v. Cook, 490 U.S. 488 (1989) when serving a federal sentence enhanced based on those convictions); see also Collins v. Hesse, 957 F.2d 746, 747 (10th Cir.1992), cert. denied, --- S.Ct. ----, 1994 WL 527705 (Oct.17, 1994); Gamble v. Parsons, 898 F.2d 117, 118 (10th Cir.), cert. denied, 498 U.S. 879 (1990). In order to attack prior convictions through a petition for a writ of habeas corpus, a petitioner need only attack the present sentence enhanced by those convictions. Gamble, 898 F.2d at 118.
 
 
 7
 Under Custis, Moland could not have successfully challenged at sentencing the use of prior counseled convictions. As a counsel cannot be ineffective for not pursuing a strategy doomed to failure, the district court correctly dismissed this action with prejudice.
 
 
 8
 Moland's first argument that his sentence was enhanced based on constitutionally defective convictions was not raised on this appeal and thereby has been waived. However, even if Moland had raised this argument, we would affirm the district court's dismissal of this claim based on Parke v. Raley 's presumption that counseled guilty pleas were constitutionally obtained, 113 S.Ct. at 525-26, because Moland failed to offer any evidence to overcome this presumption, id. at 527 (requiring that defendant offer more than self-serving conclusory allegations to overcome this presumption); Wicks, 995 F.2d at 978 (same).
 
 
 9
 For the reasons stated above, we AFFIRM the district curt's dismissal of this action with prejudice.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The district court granted plaintiff's application to proceed in forma pauperis, pursuant to 28 U.S.C.1915(a)
 
 
 [3]
 This holding overrules the previously accepted view, adhered to by the district court below, that prior convictions could be collaterally attacked during sentencing. See, e.g., United States v. Shearer, 814 F.Supp. 958, 963 (D. Colo.1993), aff'd, 17 F.3d 1437 (10th Cir.1994) (noting that a plea would be constitutionally defective if a defendant is not adequately advised of the full consequences of pleading guilty, but finding that such notice was presented)
 In considering a petition for habeas corpus based on ineffective assistance of counsel, this court must evaluate the prejudice prong of Strickland by reference to current law when a change in the law has rendered earlier misconduct no longer prejudiced because criminal defendants do not have a right for a court to err in their favor. Lockhart v. Fretwell, 113 S.Ct. 838, 843-44 (1993). Regardless of the merits of Moland's argument under prior law, Custis 's narrowing of collateral review of prior convictions used in sentencing precludes reliance on pre-Custis authority in considering the prejudice prong of a claim of ineffective assistance of counsel.