**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellee,**

v.

**Leroy Martinez CALDERON,**
**Defendant–Appellant.**

**No. 98CA1067.**

Colorado Court of Appeals,
Div. A.

July 22, 1999.

Rehearing Denied Sept. 16, 1999.

Certiorari Granted and Judgment
Vacated Feb. 7, 2000.*

* Petition for Writ of Certiorari GRANTED, and the judgment of the Colorado Court of Appeals is vacated. The case is remanded to the Colorado Court of Appeals for reconsideration in light of *Craig v. People,* 986 P.2d 951 (Colo.1999) and *Benavidez v. People,* 986 P.2d 943 (Colo.1999). EN BANC.

Ken Salazar, Attorney General, Barbara McDonnell, Chief Deputy Attorney General, Michael E. McLachlan, Solicitor General, John D. Seidel, Assistant Attorney General, Denver, Colorado for Plaintiff–Appellee.

Laura L. Magner, Crested Butte, Colorado, for Defendant–Appellant.

** Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

Opinion by Judge STERNBERG **

Defendant, Leroy Martinez Calderon, appeals from the trial court order denying his motion for post-conviction relief pursuant to Crim. P. 35(c). We vacate the order and remand for further proceedings.

Pursuant to a plea agreement, defendant pleaded guilty to menacing with a deadly weapon (a class five felony), possession of a weapon by a previous offender (a class five felony), and third degree assault (a class one misdemeanor). In exchange for his guilty plea, the trial court dismissed the remaining charge on the prosecutor's motion. The parties stipulated that extraordinary aggravating factors existed for sentencing purposes, and that defendant would be sentenced to concurrent six-year prison terms for the menacing and weapons possession convictions, and a concurrent two-year jail term for the assault conviction.

The trial court thereafter imposed the stipulated sentences. Although the mittimus does not indicate that defendant's sentence included a mandatory period of parole, upon being imprisoned, he learned that his sentence included two years of mandatory parole.

Defendant, acting *pro se,* then filed a motion pursuant to Crim. P. 35(c), requesting that his sentence be amended to conform to the terms of the plea agreement. More specifically, defendant maintained that the providency court had failed to advise him that he would be required to serve a mandatory two-year period of parole after completing his prison sentence, and that the prison sentence imposed plus the period of parole exceeds the stipulated six-year sentence provided for in the plea agreement.

The trial court denied the motion without holding a hearing and without appointing counsel to represent defendant on the motion.

## I.

On appeal, defendant contends that the providency court failed to advise him that he

and § 24–51–1105, C.R.S.1998.

would be required to serve a mandatory two-year period of parole, and that the Crim. P. 35(c) court thus erred in denying his motion. We agree.

### A.

At the outset, we note that a defendant who is convicted of a class five felony committed after July 1, 1993, and sentenced to a term of imprisonment must serve a mandatory two-year period of parole after completing the prison sentence. Section 18–1–105(1)(a)(V)(A), C.R.S.1998.

■ Pursuant to § 18–1–105(1)(a)(V)(B), C.R.S.1998, a sentencing court may not waive or suspend a period of mandatory parole. Accordingly, although the trial court did not mention the parole period at the sentencing hearing and failed to reflect on the mittimus that defendant's sentence included a mandatory two-year period of parole, such a parole period was a required part of defendant's sentence. *See People v. Barth*, 981 P.2d 1102 (Colo.App.1999).

### B.

■ The determination of the meaning of a plea agreement is a question of law. Accordingly, we review the trial court's determination of the meaning of a plea agreement and its interpretation of a party's obligation under the agreement *de novo. St. James v. People*, 948 P.2d 1028 (Colo.1997).

■ Before accepting a defendant's guilty plea, a trial court must inform him of the direct consequences of his plea, including that his sentence includes a mandatory parole term. *People v. Sandoval*, 809 P.2d 1058 (Colo.App.1990).

■ Here, the parties submitted several written documents memorializing the terms of the plea agreement. First, the "Questionnaire to Determine if Plea of Defendant is Made Voluntarily and Knowingly" (Questionnaire), which defendant completed and signed, advised him of the applicable maximum presumptive and aggravated range sentences, and indicated that "parole is *a part of* all prison sentences." (emphasis added) The Questionnaire further reflected the parties'

stipulation that defendant would be sentenced to two six-year prison terms and a two-year jail term, all to be served concurrently.

Second, the "Statement of Plea Disposition" (Statement), signed by defendant, set forth the parties' stipulation regarding sentencing. However, the Statement did not mention parole.

Finally, defendant's counsel certified to the court in writing that he had "explained the possible penalties" to defendant and represented that he believed defendant understood "the effect of a plea of guilty."

During the providency hearing, the court reminded defendant of the terms of the plea agreement, including the stipulated sentence. The court did not advise defendant that he would be required to serve a mandatory two-year period of parole after completing his prison sentence. Defendant acknowledged that he understood the terms of the plea agreement as described by the court and in the written documents, and the court accepted his guilty plea.

Our review of the entire record convinces us that, contrary to the trial court's conclusion, defendant was not adequately advised regarding the mandatory parole period. Although, as quoted above, the Questionnaire did indicate that parole is an inherent feature of a prison sentence, it did not specifically advise defendant that parole was mandatory, that the required parole period was two years, or that he would be required to serve the parole term after completing his prison sentence. Indeed, under the circumstances presented here, the quoted language is ambiguous and could reasonably be interpreted to mean that defendant's total sentence, including the required parole term, would be six years. The record does not indicate that defendant received any other advisement, either in writing or orally, regarding parole.

■ We recognize that information counsel provides to the defendant is one factor the court may consider in assessing the adequacy of the advisement regarding the terms of a plea agreement. *See People v. Weed*, 830 P.2d 1095 (Colo.App.1991); *see also United States v. Shearer*, 814 F.Supp. 958,

962–63 (D.Colo.1993), *aff'd,* 17 F.3d 1437 (10th Cir.1994)(counsel's certification that she explained the "full consequences" of the plea, including "possible penalties," to defendant contributed to court's conclusion that advisement regarding parole was adequate).

■ Here, however, contrary to the People's assertion, counsel's general certification that he advised defendant of "the possible penalties" does not support the inference that counsel specifically informed defendant that he would be required to serve two years of mandatory parole after completing his prison sentence, particularly in light of the deficient providency advisement.

### C.

Although the record establishes that the providency court did not adequately inform defendant regarding the mandatory parole period, the record on appeal is insufficient to enable us to determine whether defendant is entitled to relief as a result of the deficient advisement.

■ To be entitled to relief, defendant must establish that: (1) neither the providency court nor defense counsel advised him of the mandatory period of parole; (2) he was unaware of the parole period when he entered his plea; and (3) he would not have entered a guilty plea if he had understood the parole consequences of his plea. *See United States v. Shearer, supra; Carter v. McCarthy,* 806 F.2d 1373 (9th Cir.1986), *cert. denied,* 484 U.S. 870, 108 S.Ct. 198, 98 L.Ed.2d 149 (1987).

Defendant did not claim in his motion that he would not have pled guilty if he had been aware of the mandatory parole period. And, as previously noted, the record does not indicate whether counsel expressly advised defendant regarding the required period of parole or whether he was otherwise aware of it.

■ We thus conclude that the appropriate remedy is to remand to the trial court for a hearing to determine whether defendant was actually aware of the mandatory parole term and, if not, whether he nevertheless would have pled guilty.

If the trial court determines that defendant was aware of the mandatory parole period when he entered his guilty plea, or that he was unaware of the parole period but would have pled guilty anyway, defendant is not entitled either to withdraw his plea or to obtain a reduction in the sentence imposed. Under those circumstances the judgment of conviction should be reinstated, but the sentencing court should correct the mittimus to reflect the required term of mandatory parole. *See People v. McKnight,* 628 P.2d 628 (Colo.App.1981); *see also People v. Reynolds,* 907 P.2d 670 (Colo.App.1995)(a sentence that does not specify the correct period of parole required by statute is illegal and may be amended at any time).

However, if the trial court determines on remand that defendant was not aware of the parole period *and* that he would not have pled guilty if he had been, the court must permit defendant to withdraw his guilty plea if he so chooses. If defendant elects to withdraw his plea, the district attorney may then reinstate the original charges, and any new sentence imposed pursuant to a subsequent conviction must credit defendant for the time he has already served. *See People v. Espinoza,* 985 P.2d 68 (Colo.App.1999). *But see People v. Sandoval, supra.*

The order is vacated, and the cause is remanded for further proceedings consistent with this opinion.

Judge KAPELKE and Justice QUINN** concur.

---

** Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.1998.